UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>   Plaintiff,<br><br>  v.<br><br>STEPHEN HENDERSON, *et al.*,<br><br>   Defendants. | Case No.: 1:20-cv-00592-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 15, 17] |

  Plaintiff David Roberts is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on April 20, 2020. (ECF No. 1.)

  On May 1, 2020, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint. (ECF No. 11.)

  Plaintiff filed a first amended complaint on June 5, 2020. (ECF No. 14.) On June 17, 2020, 2020, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a second amended complaint. (ECF No. 15.)

  Although on June 29, 2020, Plaintiff filed a notice (self-dated June 23, 2020) indicating that an amended complaint was submitted, no second amended complaint has been received and/or filed by the Court. (ECF No. 16.) Accordingly, on July 27, 2020, the Court issued an order to show cause

why the action should not be dismissed for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a court order. (ECF No. 17.) Plaintiff has failed to respond to the Court's July 27, 2020 order, and the time to do so has passed. Therefore, dismissal is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///

## II.

## COMPLAINT ALLEGATIONS

In the first amended complaint, Plaintiff alleges the following:

> Beaten up by 6-7 officers in 'handcuffs' for 10-15 minutes, breaking my "ribs", "busting my front tooth out," "busting my lips open," "fracturing my cheekbone," "swelling nose," "gashed forehead," and "bruises everywhere."
>
> "C/O Franco," "C/O Lascina," "Sgt. Huckleberry," and other unknown "officers" were beating me up, "punching" me and "kicking" me in the "head," "face," and "body," for (10-15) minutes, in "handcuffs" when I swung at "C/O Franco" with a "razor" tied to a "comb." I suffered from many "injuries" in the "face," and "body."

(Compl. at 3.) Plaintiff seeks monetary damages and that Defendants be reprimanded.

## III.

## DISCUSSION

### A. Supervisory Liability

Plaintiff names Stephen Henderson, Warden at Kern Valley State Prison, as a Defendant. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Henderson. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against Warden Henderson.

3

**A.     Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's allegations are too vague and conclusory to support a cognizable constitutional claim for excessive force.  Plaintiff fails to set forth all of the factual circumstances surrounding the alleged use of excessive force.  More specifically, Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive under the circumstances.  Further, the facts as alleged fail to give rise to a plausible inference that the actions

of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff.  Accordingly, Plaintiff fails to state a cognizable claim for excessive force.

### IV.
### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on June 17, 2020, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 15.)  Plaintiff did not file a second amended complaint.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of April 9, 2020 and has not done so. Accordingly, the operative pleading is the June 5, 2020, first amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's June 17, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 15.) In addition, the Court's July 27, 2020, order to show cause specifically stated: "Plaintiff is warned that failure to comply with this order will result in a recommendation to a District Judge that the instant action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a cognizable claim for relief." (ECF No.

17.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's first amended complaint and found that it fails to state a cognizable claim.  Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed.  Although on June 29, 2020, Plaintiff filed a notice (self-dated June 23, 2020) indicating that an amended complaint was submitted, no second amended complaint has been received and/or filed by the Court. (ECF No. 16.)   Accordingly, on July 27, 2020, the Court issued an order to show cause why the action should not be dismissed for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a  court order.  (ECF No. 17.)  Plaintiff has failed to respond to the Court's July 27, 2020 order, and the time to do so has passed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the June 17, 2020 and July 27, 2020 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute. This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 11, 2020**

UNITED STATES MAGISTRATE JUDGE