**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ROBERTS,<br><br>  Plaintiff,<br><br>  v.<br><br>STEPHEN HENDERSON, *et al.*,<br><br>  Defendants. | Case No.: 1:20-cv-00592-NONE-SAB (PC)<br><br>ORDER VACATING NOVEMBER 2, 2020 ORDER TO SHOW CAUSE, DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AS MOOT, AND FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION AS BARRED BY *RES JUDICATA*<br><br>(ECF Nos. 26, 29, 30) |

Plaintiff David Roberts is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

This case has a rather lengthy background given Plaintiff's failure to comply with and respond to the Court's orders.

Plaintiff filed the instant action on April 20, 2020.  (ECF No. 1.)

On May 1, 2020, the Court screened Plaintiff's original compliant, found it failed to state any cognizable claims, and granted Plaintiff leave to file an amended complaint within thirty days.  (ECF No. 11.)

Plaintiff filed a first amended complaint on June 5, 2020.  (ECF No. 14.)  On June 17, 2020, 2020, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a second amended complaint.  (ECF No. 15.)

1

1  Plaintiff failed to file a second amended complaint.  Therefore, on July 27, 2020, the Court
2  issued an order to show cause why the action should not be dismissed for failure to state a cognizable
3  claim for relief, failure to prosecute, and failure to comply with a  court order.  (ECF No. 17.)  After
4  Plaintiff failed to respond to the order to show cause, the Court issued Findings and Recommendations
5  to dismiss the action on August 11, 2020.  (ECF No. 18.)  Plaintiff filed objections to the Findings and
6  Recommendations.  (ECF Nos. 23, 24.)  Therefore, on September 22, 2020, the Court vacated the
7  Findings and Recommendations and granted Plaintiff thirty days to file an amended complaint.  (ECF
8  No. 25.)  Plaintiff again failed to file an amended complaint, and on November 2, 2020, the Court
9  issued an order to show cause why the action should not be dismissed.  (ECF No. 26.)

10  On November 19, 2020 and November 23, 2020, Plaintiff filed motions for an extension of
11  time to file an amended complaint.  (ECF Nos. 27, 28.)

12  After careful review of the record and for the reasons explained below, the Court finds that the
13  action should be dismissed as barred by *res judicata* and any further amendment would be futile.

## II.

## DISCUSSION

*A.    Res Judicata*

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Taylor v. Sturgell, 553 U.S. 880. 892 (2008).  Put another way, "[c]laim preclusion bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action." Media Rights Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1020 (9th Cir. 2019) (quotation marks and internal alterations omitted). Claim preclusion "applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations and quotation marks omitted); see also Howard v. City of Coos Bay, 871 F.3d 1032, 1039 ("Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.' ").

1.      Prior Action: 1:18-cv-01237-DAD-SAB (PC) (E.D. Cal.)

Roberts v. Huckleberry, et al., Case No. 1:18-cv-01227-DAD-SAB (PC) (E.D. Cal.) ("Roberts I") was filed on August 17, 2018.[1] In Roberts I, Plaintiff named Stephen Henderson, Huckleberry, Franco and Lascina, as Defendants. (Roberts I, Fifth Am. Compl., ECF No. 33.) In prior amended complaints, Plaintiff also listed identified members of the investigative services unit and medical staff.

In his fifth amended complaint Plaintiff alleged as follows: After he told Nurse Nash that he was suicidal at medication call, Correctional Officer Franco told Plaintiff to "take it back up to" Plaintiff's cell and then "they" forced Plaintiff back up to his cell. Then, he was beaten up by "these officers in handcuffs, for up to [one] hour, in front of his cell." (ECF No. 33, at 3.) Plaintiff claimed that "all officers" punched and kicked him in the ribs, face, and head, which caused him to suffer broken ribs, a dislocated jaw and cheekbone, broken front teeth, swollen nose, a gash on his forehead, and a busted lip. Plaintiff also suffered bruises on his legs, shoulders, and chest. As relief, Plaintiff requested monetary damages and "to press charges" on all Defendants. (ECF No. 33.)

On March 10, 2020, the Court found that Plaintiff failed to state a cognizable claim for relief and dismissed the action without further leave to amend.[2] (ECF No. 57.) Judgment was entered this same date. (ECF No. 58.)

2.      Same Claim or Cause of Action

First, the Court decides whether Roberts I "involved the same 'claim' or cause of action" as the current action. Mpoyo, 430 F.3d at 987. The Court employs four criteria to determine whether claims are identical: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented

---

[1] Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

[2] The Court notes that another case filed by Plaintiff in this Court was dismissed as duplicative of Case No. 1:18-cv-01237-DAD-SAB (PC) on March 7, 2019. See Roberts v. Henderson, et al., Case No. 1:19-cv-00091-DAD-EPG (PC), ECF No. 16).

in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction nucleus of facts." Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citation omitted). "The fourth criterion is the most important." Id.

After careful consideration of both actions, the Court determines that the allegations in this action arise out of the same nucleus of facts and allege infringement of the same rights as those alleged in Roberts I.  In both Roberts I and this action, Plaintiff alleges that, Defendants and several officers beat him while handcuffed causing him to suffer broken ribs, broken teeth, busted lip, fractured cheekbone, swollen, nose, gash to forehead, and bruising.  In both cases, Plaintiff seeks the same forms of relief, i.e. monetary damages as well as "to press charges" against Defendants.  Therefore, the Court determines that the first criteria of claim preclusion is met because Roberts I "involved the same 'claim' or cause of action" as the current action. Mpoyo, 430 F.3d at 987.

### 3. Final Judgment on the Merits

Second, the Court decides whether Robert I reached a final judgment on the merits.  Mpoyo, 460 F.3d at 987.  As noted above, Roberts I was dismissed without leave to amend for failure to state a cognizable claim for relief.  (Roberts I, ECF No. 57.)  The Roberts I decision constitutes a final judgment on the merits.  See, e.g., Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3 (1981) (a dismissal for failure to state a claim for relief (there under Rule 12(b)(6), is an "judgment on the merits" to which *res judicata* applies); see also Stewart v. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002); Fed. R. Civ. P. 41(b) (an involuntary dismissal is an adjudication on the merits unless the dismissal states otherwise or was for lack of jurisdiction, improper venue, or failure to join a party under Rule 19).[3]  Therefore, the Court determines that the second element for the application of claim preclusion is met.

---

[3] Although the dismissal in Roberts I was at the screening stage pursuant to 28 U.S.C. § 1915A, it nonetheless operates as an adjudication on the merits because a "[d]ismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' " Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)); see also Evans v. Beck, No. 1:12-CV-00284-AWI-MJS (PC), 2012 WL 3069571 (E.D. Cal. July 27, 2012) (§ 1983 prisoner action relying on previous screening dismissal for the assertion that the present claim was previously decided on the merits and thus barred under *res judicata*.).

####      4.       Privity Between Parties

Third, the Court decides if <u>Roberts I</u> "involved identical parties or privies." <u>Mpoyo</u>, 430 F.3d at 987.  The Court notes that Plaintiff was also the plaintiff in <u>Roberts I</u> and that Defendants Huckleberry, Franco, Lascina, Henderson, and investigate services unit staff were also named as a Defendants in <u>Robert I</u>.   (<u>Roberts I</u>, ECF Nos. 19, 23, 27.)  Since Plaintiff and Defendants are identical parties, they are quite obviously in privity. <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1081 (9th Cir. 2003).[4]  Therefore, the Court determines that the third element for the application of claim preclusion is met.  Consequently, as all three elements of *res judicata* are satisfied, Plaintiff's claims against Defendants in this action are barred by *res judicata*.

## III.
## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Court's November 2, 2020 order to show is VACATED; and

2.    Plaintiff's November 19, 2020 and November 23, 2020 motions for extensions of time are denied as moot

---

[4] Even if it is determined that Defendants Henderson and the investigative services unit staff were not expressly named as Defendants in the fifth amended complaint in <u>Roberts I</u>, they are in privity with Defendants Huckleberry, Franco and Lascina that were expressly named in the original complaint. Claim preclusion applies where the party "against whom the doctrine is being asserted was a party or in privity with a party to the prior adjudication."[4] <u>In re Anthony H.</u>, 129 Cal.App.4th 495, 503 (2005). "[P]rivity requires the sharing of 'an identity or community of interest,' with "adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." <u>DKN Holdings LLC</u>, 61 Cal.4th at 826 (citation omitted). Here, all named Defendants are employees of CDCR and are alleged to have been involved in the same excessive force incident at Kern Valley State Prison. The alleged violation, harm, and request for relief, are the same in both actions.  Thus, the Court finds that privity is met because the Defendants to Plaintiff's current action and those in <u>Roberts I</u> are CDCR employees, and therefore, each Defendant is a  government employee who is "so identified in interest with a party to former litigation[,] [which was also brought against the CDCR and employees of the CDCR,] that he represents precisely the same right in respect to the subject matter involved." <u>Konarski v. City of Tucson</u>, 289 F. App'x 242, 244 (9th Cir. 2008) (quoting <u>In re Schimmels</u>, 127 F.3d 875, 881 (9th Cir. 1997) ). Any nominal differences in defendants between <u>Curry I</u> and plaintiff's current action are "not sufficiently material as to prevent the application of *res judicata*" because both actions are, in effect, suits against the CDCR and its employees. See <u>Ma Chuck Moon v. Dulles</u>, 237 F.2d 241, 243 (9th Cir. 1956); see also <u>Ford v. King</u>, No. 1:17-cv-00960-SKO (PC), 2017 WL 3537196, at *3 (E.D. Cal. Aug. 17, 2017) (finding privity between state hospital and state hospital director); <u>Nelson v. Brown</u>, No. 11-CV-2202-GPC WVG, 2014 WL 1096189, at *8 (S.D. Cal. Mar. 19, 2014) (finding privity between Warden named in habeas petition and CDCR employees named in subsequent federal action); see also <u>Adams v. California Dep't of Health Services</u>, 487 F.3d 684, 692 (9th Cir. 2007) (new defendants were employees of previously named defendant and thus had a close relationship and interests were aligned), overruled on other grounds by <u>Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008).

Further, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed as barred by *res judicata*; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2020**

UNITED STATES MAGISTRATE JUDGE